IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MICHAEL C. TIERNEY, #A0201434 | ) | CIVIL NO. 12-00308 SOM/KSC |
|---|---|---|
| Plaintiff, | ) ) | ORDER DENYING IN FORMA PAUPERIS APPLICATION, MOTION |
| vs. | ) ) | FOR APPOINTMENT OF COUNSEL, AND MOTION FOR EMERGENCY |
| DR. ATKINS, GOVERNOR NEIL ABERCROMBIE, WARDEN NOLAN ESPINDA, | ) ) ) | DENTAL CARE; AND ORDER TO SHOW CAUSE |
| Defendants. | ) ) ) | |

**ORDER DENYING IN FORMA PAUPERIS APPLICATION, MOTION FOR APPOINTMENT OF COUNSEL, AND MOTION FOR EMERGENCY DENTAL CARE; AND ORDER TO SHOW CAUSE**

Before the court is *pro se* Plaintiff Michael C. Tierney's prisoner civil rights complaint, *in forma pauperis* ("IFP") application, motion for appointment of counsel, and motion for emergency dental care. ECF #1-#4. Plaintiff alleges that Defendants Halawa Correctional Facility ("HCF") dentist Dr. Atkins, Hawaii Governor Neil Abercrombie, and HCF Warden Nolan Espinda violated his federal constitutional and statutory rights by denying him adequate dental care and housing him in a cell that contains "friable asbestos" on its ceiling. Compl., ECF #1 at 5-7. For the following reasons, Plaintiff's IFP application is DENIED as incomplete, his motions for appointment of counsel and emergency dental care are DENIED, and he is ORDERED TO SHOW CAUSE why he should be allowed to proceed IFP in this action.

//

//

**I. DISCUSSION**

**A. 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997).

The federal courts' public dockets and electronic records, http://pacer.psc.uscourts.gov, ("PACER"), reveal that Plaintiff has filed sixty-three civil actions in this and other federal courts, many of which were dismissed as frivolous or for failure to state a claim.[1] *See e.g., Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997); *Tierney v. Clinton*, 1996 WL 310171 (D.C. Cir. May 28, 1996), *aff'g Tierney v. Clinton*, 1:95-01268; *Tierney v. United States*, 1:11-00082 (D. Haw. 2011); *Tierney v. United States*, 1:10-00675 (D. Haw. 2010); *Tierney v. United States*, 1:10-00166 (D. Haw. 2010); *Tierney v. United States*,

---

[1] The court may raise the § 1915(g) problem *sua sponte*, and the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005) ("*Andrews I*").

2

1:08-00543 (D. Haw. 2010); *Tierney v. United States*, 1:08-00326 (D. Haw. 2008); *Tierney v. Quiggle*, 1:96-5995 (W.D. Wash. 1997).

**B.   No Imminent Danger of Serious Physical Injury**

In the actions cited above and more recently, the court has explicitly informed Plaintiff numerous times that he has accrued three strikes.[2] *See Andrews I*, 398 F.3d at 1120 (requiring defendants or the court to notify a plaintiff of dismissals supporting a § 1915(g) dismissal before granting defendants' motion to revoke IFP and dismiss case). Because Plaintiff has three strikes, he may not bring a civil action without prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

   **1.   *Count I***

Plaintiff alleges that HCF Dentist Dr. Atkins denied him "adequate" dental care on May 27, 2012, several days after Plaintiff transferred to HCF. He alleges he is in extreme pain and is having difficulty eating. Plaintiff gives no further details regarding this alleged "denial of adequate" dental care, however. The day before receiving a copy of this action, this court held a hearing concerning Plaintiff's similar allegation in a separate case against Oahu Community Correctional Center

---

[2] *See e.g.*, *Tierney v. Tapu*, 1:12-cv-00135 (D. Haw. 2012); *Tierney v. Espinda*, 1:12-cv-00148 (D. Haw. 2012); *Tierney v. Matsuoka*, 1:12-cv-00286 (D. Haw. 2012); *Tierney v. Nieto*, 1:12-cv-00287 (D. Haw. 2012); *Tierney v. Chun*, 1:12-cv-00288 (D. Haw. 2012).

3

("OCCC") dentist Dr. Hamada. *See* 1:12-cv-00117. At that hearing, Plaintiff conceded that he had received dental care from Dr. Hamada *and* from Dr. Atkins, but disagreed with their professional diagnoses that two of his teeth, #3 and #14, were irreparable, and that tooth #31 simply required a filling. Plaintiff refuses to have teeth #3 and #14 extracted and has not permitted any dentist to fill tooth #31.

Plaintiff has long sought root canals and dental crowns for these teeth, despite Dr. Atkins's and Dr. Hamada's opinions that such treatment is not feasible for #3 and #14 and not available free-of-charge for #31 while Plaintiff is incarcerated.[3] Thus, Plaintiff has the power to alleviate his pain and discomfort by agreeing to the treatment prescribed by the prison dentists. Taking judicial notice of evidence presented in Tierney's related case on May 31, 2012, this court finds that Plaintiff is not plausibly alleging imminent danger of serious physical injury.

### 2. *Counts II and II*

Plaintiff next claims that Hawaii Governor Abercrombie and HCF Warden Espinda have violated the Constitution, the Clean Air Act and the Americans With Disabilities Act, by knowingly

---

[3] *See Tierney v. Unnamed Dentist*, 1:11-cv-00369; *Tierney v. Okamoto*, 1:11-cv-00800; *Tierney v. Hamada*, 1:12-cv-00117. The court takes judicial notice of these actions, and Plaintiff's claims for relief therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001); Fed. R. Evid. 201(b).

housing him in a cell that allegedly has friable asbestos in its ceiling, from October 28, 2009, to September 30, 2011, and again from May 23, 2012, until the present. Compl., ECF #1 at 6-7. Plaintiff claims that this asbestos was "sprayed on in 1985 and it is also contaminated with tar and nicotine," allegedly absorbed in the ceiling when HCF still allowed smoking. Compl. at 6.

These facts do not support the existence of an imminent danger of serious physical injury when Plaintiff commenced this action. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*") ("the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time"). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." *Id.* at 1057 n.11.

First, "'[i]mminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). "[A] prisoner's allegation that he faced danger in the past" does not satisfy § 1915(g)'s imminent danger exception). *Id.* at 311. Plaintiff's claim concerning his alleged asbestos exposure from 2009 to 2011 does not support a finding of "imminent" danger. Moreover, the fact that Plaintiff alleges that he first became subject to these conditions in 2009, but nonetheless waited until 2012 to raise

5

these claims, suggests that his circumstances do not present a "genuine emergency" that warrants application of the imminent danger exception in § 1915(g).

Second, although Plaintiff claims that his eyes are sore and watering and he is having trouble breathing due to asbestos exposure, these completely speculative conclusions as to the cause of his ailments are insufficient to support a claim of imminent danger of serious physical injury. *See Marshall v. Florida Dept. of Corrections*, 2009 WL 1873745 at *1 (N.D. Fla. June 27, 2009) (finding "vague and non-specific threats and 'danger' at the hands of correctional officers" insufficient to meet § 1915(g)'s "imminent danger of serious physical injury" exception).

Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and

6

"a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's claim that asbestos was sprayed on HCF's ceilings in 1985 is completely speculative. Many courts have found that similar claims do not suffice to show imminent danger of serious physical injury. *See e.g.*, *Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (affirming district court's denial of § 1915(g)'s exception where prisoner alleged speculative health risks associated with exposure to mold); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that prisoner's allegations of exposure to inclement weather that could be harmful to his medical condition were insufficient to establish imminent danger); *Cardona v. Bledsoe*, 2011 WL 1832777, *6 (M.D. Pa., May 12, 2011) (finding that inmate's conclusory allegations concerning possible asbestos exposure were insufficient to invoke § 1915(g)'s exception); *Jackson v. Auburn Corr. Fac.*, 2009 WL 1663986 (N.D.N.Y., Jun. 15, 2009) (holding that prisoner's allegation of exposure to second hand smoke does not constitute imminent danger); *Johnson v. Barney*, 2005 WL 2173950, at *1-2 (S.D.N.Y. Sept.6, 2005) (finding that inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, does not establish imminent danger).

Plaintiff's allegations are also easily distinguishable from those in *Andrews II*. There, the prisoner alleged facts indicating that he had suffered a particular injury, that the defendants knew of a particular harm to him, and that they failed to act to address the harm. 493 F.3d at 1050-51. In other words, the plaintiff in *Andrews II* alleged sufficient facts to put the named defendants on notice of the harm. Plaintiff articulates no specific facts indicating that any named Defendant is personally subjecting him to imminent danger from any particular and specific harm. Rather, Plaintiff's implausible, conclusory allegations concerning asbestos exposure and the denial of dental care are obvious attempts to meet the irreparable injury threshold of § 1915(g).

Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

## C.  Order to Show Cause

*Andrews I* allows the court to raise the § 1915(g) problem *sua sponte*, but generally requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and to give the prisoner an opportunity to be heard on the matter before dismissing the action. *See* 398 F.3d at 1120. Once notice is given, the prisoner bears the burden of

showing that § 1915(g) does not bar pauper status for him. *Id.* at 1116.

Requiring abusive litigants, such as Plaintiff, to demonstrate the imminence and seriousness of the alleged danger to his body furthers the intent of Congress to curtail frivolous prison litigation. *See Abdul-Akbar*, 239 F.3d at 315 (stating, "[W]e refuse to conclude that with one hand Congress intended to enact a statutory rule . . . but, with the other hand, it engrafted an open-ended exception that would eviscerate the rule.").

Because Plaintiff does not plausibly allege that he faces an imminent danger of serious physical injury, he is ordered to show cause on or before **Thursday, July 5, 2012**, that is, within thirty days from the date this order is filed,, why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative, Plaintiff may avoid dismissal by paying the full $350.00 filing fee by the court's deadline.

**D. Plaintiff's IFP Application is Denied as Incomplete**

Although Plaintiff's IFP application is signed and has a recent trust account statement from OCCC, it is not signed by HCF prison authorities certifying the amount of funds in Plaintiff's trust account. This may be because Plaintiff filled it out on Sunday, May 27, 2012, and sent it immediately to the court, rather than asking HCF prison authorities to sign and

9

attach his new HCF statement.[4] Plaintiff's IFP application is DENIED as incomplete. *See* 28 U.S.C. § 1915(a)(2). If Plaintiff intends to show cause, rather than pay the filing fee, he is ORDERED to concurrently submit a fully completed IFP application. Failure to file a response within thirty days from the date of this order, **on or before Thursday, July 5, 2012**, showing good cause, pay the full filing fee, or submit a complete IFP application, will result in the dismissal of this action without further notice to Plaintiff.

**E.   Motions For Appointment of Counsel and Emergency Dental Care Are Denied**

All pending motions, including Plaintiff's motion for appointment of counsel and motion for emergency dental care, are DENIED without prejudice to refiling after Plaintiff's *in forma pauperis* status has been determined. As to appointment of counsel, the court is satisfied that the interests of justice do not require the appointment of counsel for Plaintiff to respond to this order. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The request for "emergency" dental care is also DENIED. This court held proceedings on May 31, 2012, regarding Plaintiff's first motion for emergency dental care in 1:12-cv-

---

[4] Despite Plaintiff's many protestations in the past several months that prison authorities will not make copies of his trust account statements, he clearly has a current copy of his account balance from OCCC officials.

00117.  At that hearing, Plaintiff agreed to have the two teeth that are causing him pain extracted.  However, the very next day, according to prison officials, Plaintiff refused dental care.  Whether Plaintiff is scheduled for extractions or is declining them, he is controlling when and whether he receives dental care.  Under such circumstances, he cannot obtain a court order requiring "emergency" dental care.

Plaintiff is NOTIFIED that, until he submits a fully completed IFP application and responds to the OSC, the court will not consider any motions or documents he has filed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 4, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tierney v. Atkins, et al.,* 1:12-00308 SOM/KSC; Order Denying In Forma Pauperis Application, Motion for Appointment of Counsel, and Motion for Emergency Dental Care, and Order to Show Cause; psas/3 Strikes Ords & OSCs/DMP/2012/oscs /Tierney 12-308 som (dntl care & asbestos)