IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL C. TIERNEY, | ) | NO. 1:12-cv-00308 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| vs. | ) | RECONSIDERATION |
| | ) | |
| THOMAS ATKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION RECONSIDERATION

On July 2, 2012, the court entered judgment in this action, "without prejudice to Plaintiff's filing a new action accompanied by the statutory filing fee." *See* Order, ECF No. 18 PageID #74.  The Ninth Circuit Court of Appeals affirmed this decision and denied several other appeals Plaintiff had sought in this suit.  *See* ECF Nos. 22, 28.  The United States Supreme Court thereafter denied *certiorari*.  ECF No. 29.

Plaintiff now seeks reconsideration based on new allegations against Thomas Atkins, M.D., concerning a recent incident at the Halawa Correctional Facility ("HCF") in which Plaintiff claims that Dr. Atkins extracted two teeth on March 8, 2013, but left tooth fragments in Plaintiff's gums, causing Plaintiff extreme pain.  Plaintiff seeks an order directing Dr. Atkins to fix and clean his teeth and to provide Plaintiff dental implants or a bridge for the missing teeth.

A successful motion for reconsideration must demonstrate some reason that the court should reconsider its

prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006). Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).

Plaintiff presents no newly discovered evidence, intervening change in the controlling law, or manifest error in the decision to deny in forma pauperis status in this action and dismiss the case without prejudice to Plaintiff's filing a new action accompanied by the statutory filing fee. To the extent Plaintiff seeks reconsideration, and in light of the procedural posture of this case, his Motion for Reconsideration is DENIED.

To the extent Plaintiff is attempting to litigate a completely new action based on new events by submitting the present motion, that action may go forward. Plaintiff, however, is a prisoner who has accrued three strikes and is subject to the screening requirements of the Prison Litigation Reform Act ("PLRA"), as set forth in 28 U.S.C. § 1915(e-g). Plaintiff

cannot circumvent the PLRA and § 1915(g)'s bar by seeking reconsideration in this case.

The Clerk is DIRECTED to open a new civil rights action based on Plaintiff's claims herein and randomly assign that action in the normal course.  Plaintiff is NOTIFIED that when that action is opened he will be required to amend his claims by submitting them on the court's approved prisoner civil rights complaint form within thirty days of the date that the new action is opened.  Plaintiff is further NOTIFIED that he will also be required to submit a fully completed *in forma pauperis* application on the court's forms or the civil filing fee for commencing a new action within thirty days from the date that the new action is opened.  Any further motions or requests regarding the present claims SHALL be docketed in the new case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 20, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Tierney v. Atkins, et al.,* 1:12-cv-00308 SOM/KSC; Order Denying Motion for Reconsideration; G:\docs\prose attys\Recon\DMP\2013\Tierney 12-308 som (new dental care claim).wpd